**UNITED STATES of America for Use of TONAWANDA TANK TRANSPORT SERVICE, INC., Plaintiff,**

**v.**

**HARTFORD CASUALTY INSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. 88–2712–Mc.**

United States District Court,
D. Massachusetts.

June 15, 1990.

Dane & O'Brien, James F. O'Brien, Concord, Mass., for plaintiff.

Charles P. Burgess, Waltham, Mass., National Corporate Disposal, Hackensack, N.J., for defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

McNAUGHT, District Judge.

This matter arises under the notice provisions of the Miller Act, Title 40 U.S.C. § 270b(a). Defendant Praught Construction Corporation (Praught), the general contractor, entered into a contract with the United States for the demolition of the former Naval Annex in South Boston. In compliance with the Miller Act, a performance and payment bond was placed with defendant Hartford Casualty Insurance Company (Hartford). Praught hired National Corporate Disposal, Inc. (National) as a subcontractor and National, in turn, hired plaintiff Tonawanda Tank Transport Service, Inc. (Tonawanda).

Between August 11 and December 14, 1987, Tonawanda supplied hazardous waste transportation services to National for the sum of $58,914.94. National defaulted in the performance of its duties and on or about November 19, 1987, Praught hired Tonawanda directly to complete the job National left undone. For that work, Praught paid Tonawanda $14,117.00, the total amount due.

The problems arose in late November of 1987 when Tonawanda refused to continue working without some payment of the amount it was owed by National. Apparently in an effort to forestall any possible

liability under the payment bond, Praught sent plaintiff a check for $15,000. Tonawanda, upon the advice of counsel, rejected the offer in a letter dated February 19, 1988, stating that it was owed additional money from National. Praught stopped payment on the check and agreed to replace it on the condition that plaintiff sign a release of all further liability. Tonawanda refused and is now seeking $58,915.84 plus interest and costs from defendants. A default judgment against National, currently bankrupt, was issued by this Court in the amount of $73,939.50.

This comes before the Court on defendants Praught and Hartford's motion for summary judgment. The primary issue is whether Tonawanda's contractual relationship with Praught eliminated the notice requirements under the Miller Act. Section 270b(a) of that Act states:

> "[A]ny person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor ... stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied...."

Defendants' motion is granted. Praught and Tonawanda did not have a direct contractual relationship prior to November, 1987, sufficient to exempt Tonawanda from providing notice under the Miller Act for monies owed it by National. In a case also involving Praught, *United States for Use and Benefit of Monroe–Langstroth, Inc. v. Praught*, 270 F.2d 235 (1st Cir.1959), the First Circuit held that a direct relationship with the contractor on one part of a job does not create a direct contractual relationship on the entire job. That is essentially the situation presented here. Even though plaintiff correctly notes that the Miller Act should be construed liberally, this does not mean that there is total abandonment of the notice requirements.

Tonawanda alternatively argues that even if notice were required, the February 19, 1988 letter, in conjunction with other information already in Praught's possession, satisfied the notice provision. I disagree. Praught is not required to put together all the various pieces of information it has at its disposal to ascertain how much National owed Tonawanda. The February 19, 1988 letter was sorely lacking in the statutorily mandated information. The amount owed was not mentioned, let alone stated with "substantial accuracy". Praught and Hartford's motion for summary judgment is granted.