GRIFFIS, J., for the Court.
¶ 1. Younge Mechanical, Inc. commenced this action against Max Foote Construction Co., Inc., Fidelity & Deposit Company of Maryland and AAIM Construction and Renovation, Inc. for payment of $13,325.00 for work performed. The circuit court granted summary judgment in favor of Max Foote and Fidelity. Younge appeals the court’s conclusion that it failed to provide adequate notice as required by Mississippi’s Little Miller Act, Mississippi Code Annotated Section 31-5-51 (Rev. 2000). Finding no error, we affirm.
FACTS
¶ 2. On February 7, 2000, Max Foote entered into a contract with the City of Clinton for the construction of a project known as the Southside Sewer Improvements. As required by Mississippi Code Annotated Section 31-5-51, also known as the Little Miller Act, Max Foote furnished a performance and payment bond from Fidelity to the City of Clinton. The bonds guaranteed Max Foote’s performance under the project and the payment of all labor and materials supplied to the job.
¶ 3. Max Foote then entered into a subcontract with AAIM to furnish a portion of the material, labor, and equipment to construct a portion of the project. AAIM entered a subcontract with Younge to perform the plumbing and HVAC portions of AAIM’s subcontract with Max Foote.
¶ 4. Younge performed the work required under its subcontract with AAIM. Younge last furnished labor or provided material for the project on June 28, 2001. However, AAIM failed to make the final payment of $13,325, despite having received payment from Max Foote.
¶ 5. On September 20, 2001, Richard B. Fain, Jr., as president of Younge, sent a letter to Querbes and Nelson, the bonding agent for Max Foote. In the letter, Mr. Fain stated:
We were the mechanical subcontractors to AAIM Construction & Renovation, Inc. on the Operation Building, a part of the above mentioned job. Being as your firm was Max Foote’s bonding company and AAIM Const, (a minority contractor) was not required to furnish a performance bond by Max Foote, we will have to expect either Max Foote or your firm to pay Younge Mechanical, Inc.
We have tried with no avail to get the final payment out of AAIM Const. We understand that Max Foote has paid AAIM all the moneys that they have coming to them.
*1081 On October 9, 2001, claims counsel for Fidelity responded. Fidelity, without waiver or prejudice to its rights, acknowledged receipt of Younge’s claim and requested additional information regarding the amount claimed. On March 7, 2002, Younge’s attorney sent a letter to AAIM, Max Foote and Fidelity’s claims counsel, demanding payment in the amount of $13,325. Thereafter, Younge commenced this action in the Circuit Court of Hinds County, Mississippi to collect the amounts owed Younge.
¶ 6. Max Foote and Fidelity filed a motion for summary judgment and alleged that Younge failed to meet the statutory notice requirement of Mississippi Code Annotated Section 31-5-51(3). The circuit court agreed and entered summary judgment. From this judgment, Younge now appeals.
STANDAKD OF REVIEW
¶ 7. This Court reviews the grant or denial of summary judgment de novo. Hardy v. Brock, 826 So.2d 71, 74 (Miss.2002) (citing Branning ex rel. Tucker v. Hinds Cmty. Coll. Dist., 743 So.2d 311, 314 (Miss.1999)). The burden of demonstrating that no genuine issue of fact exists is on the moving party. The non-movant is therefore given the benefit of the doubt. Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 393 (Miss.2001). In conducting the de novo review, the Court considers all evidentiary matters before the trial court, including admissions in pleadings, answers to interrogatories, depositions, and affidavits. Lee v. Golden Triangle Planning & Dev. Dist., Inc., 797 So.2d 845, 847 (Miss.2001) (citing Aetna Cas. & Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996)).
ANALYSIS
¶ 8. The Little Miller Act, codified at Mississippi Code Annotated Section 31-5-51, requires that a performance and payment bond, in the full amount of the contract, be provided by any person who enters into a formal contract with certain governmental entities for the construction, alteration, or repair of any public building or public work. The payment bond provision affords protections for certain laborers, materialmen and subcontractors.
¶ 9. Mississippi Code Annotated Section 31-5-51(3) provides that:
Any person having a direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety (90) days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the work was done or performed. Such notice shall be given in writing by the claimant to the contractor or surety at any place where the contractor or surety maintains an office or conducts business. No such action may be maintained by any person not having a direct contractual relationship ivith the contractor-principal, unless the notice required by this section shall have been given.
(emphasis added).
¶ 10. Based on the last sentence of this statute, the notice requirement is jurisdictional. Younge may not maintain its claim “unless the notice required by this section shall have been given.” The circuit court found that the required notice was not given. We agree.
*1082 ¶ 11. Younge’s letter of September 20, 2002 was the only written notice sent within the required ninety day period. However, Younge admits that this letter did not state the amount due. Thus, Max Foote and Fidelity contend that it was insufficient to satisfy the written notice requirement of Mississippi Code Annotated Section 31-5-51(3).
¶ 12. Interpretation of the “substantial accuracy of the amount claimed” provision of Section 31-5-51(3) is an issue of first impression for the appellate courts of this state. Since Mississippi’s Little Miller Act is modeled after the Federal Miller Act, 40 U.S.C.A. §§ 270a-d (redesignated as 40 U.S.C. §§ 3131-33), the Mississippi Supreme Court has found federal court decisions interpreting the Federal Miller Act instructive and persuasive when interpreting Mississippi’s Little Miller Act. Key Constructors, Inc. v. H & M Gas, 537 So.2d 1318, 1321 (Miss.1989).
¶ 13. The Fifth Circuit has held that, while written notice requirements of the Federal Miller Act should be construed liberally, the critical elements of the written notice requirement must be satisfied. United States for the Use and Benefit of Jinks Lumber Co., Inc. v. Federal Ins. Co., 452 F.2d 485, 488 (5th Cir.1971). The court concluded that it is crucial that the notice state a claim directly against the general contractor, that the claim be stated with some specificity of the amount due, and that the claim specify the subcontractor allegedly in arrears. Id.
¶ 14. In United States of America for Use of Tonawanda Tank Transport Service, Inc. v. Hartford Casualty Insurance Company, 738 F.Supp. 44 (D.Mass.1990), the defendants filed a motion for summary judgment based upon the absence of any claim amount in the written notice to the contractor and surety. The court granted the motion for summary judgment and reasoned that the absence of an amount owed to the supplier could never satisfy the written notice requirement of stating the amount claimed with “substantial accuracy.” The court held:
Even though plaintiff correctly notes that the Miller Act should be construed liberally, this does not mean that there is total abandonment of the notice requirement. ... The February 19, 1988 letter was sorely lacking in the statutory mandated information. The amount owed was not mentioned, let alone stated with “substantial accuracy.”
Id. at 45.
¶ 15. Younge seeks to avoid the express requirement that the amount owed must be stated with substantial accuracy with three arguments. First, Younge claims that a telephone conversation on December 14, 2001 cured the defect in Younge’s original letter. Younge argues that in this conversation it disclosed the amount due to a representative of Max Foote. This communication was neither in writing nor within ninety days from the date Younge completed its work on the project, both of which are expressly required by the statute. Moreover, Younge fails to cite any legal authority to support its contention that an inadequate written notice can be cured after the expiration of the ninety day notice period.
¶ 16. Next, Younge argues that because Max Foote had notice of the claim amount because Max Foote previously issued joint checks to AAIM and Younge. However, the necessary documentation for the joint check payments was provided to Max Foote prior to the final work date of June 28, 2001. The Fifth Circuit has held that, to be sufficient, notice must be given between the final work date and the expiration of the ninety day window. J.D. Fields & Co. v. Gottfried Corp., 272 F.3d *1083 692, 696 (5th Cir.2001). Accordingly, any notice given before the final date work was performed would be premature and insufficient to satisfy the notice requirement of Mississippi Code Annotated Section 31-5-51(3).
¶ 17. Finally, Younge argues that while the time constraint found in Mississippi Code Annotated Section 31-5-51(3) should be strictly construed, but the “content” requirements should not. Again, however, Younge cites no controlling legal authority to support this position. Instead, Younge relies on decisions from other jurisdictions. See School Board of Palm Beach County v. Fasano, 417 So.2d 1063 (Fla. 4th DCA 1982); Mills v. M & MA, 465 So.2d 1388 (Fla. 2nd DCA 1985); Blocklite v. Tull, 770 F.2d 862 (9th Cir.1985). None of these decisions deal with the circumstance where, as here, the amount claimed to be owed was omitted.
¶ 18. Mississippi Code Annotated Section 31-5-51(3) grants certain statutory rights for a sub-subcontractor, like Younge. However, to take advantage of such statutory rights, Younge must follow the statutory requirements. Younge was required to provide Max Foote: (1) written notice of the claim, (2) within ninety days from the date on which Younge last performed labor or furnished or supplied the materials, and (3) the amount of the claim with substantial accuracy. Here, there is no dispute that Younge failed to state any amount claimed. Therefore, failing to state an amount claimed, Younge cannot satisfy the statutory requirement that the written notice state “with substantial accuracy the amount claimed,” as required by Mississippi Code Annotated Section 31-5-51(3).
¶ 19. Accordingly, Younge may not maintain this action, and we affirm the circuit court’s entry of a summary judgment.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.