# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60251

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2015

Lyle W. Cayce
Clerk

JSI COMMUNICATIONS,

     Plaintiff - Appellant

v.

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

HAYNES, Circuit Judge:

Plaintiff JSI Communications appeals the district court's grant of summary judgment in favor of Defendant Travelers Casualty & Surety Company of America on JSI's payment bond and bad faith claims. We REVERSE and RENDER in part, REVERSE and REMAND in part, and VACATE and REMAND in part.

## I. Background

McMillan-Pitts Construction Company, LLC was selected as the prime contractor on a public project to construct the New Stoneville Office Building, Mississippi State University Delta Research and Extension Center, located in Stoneville, Mississippi (the "Project"). McMillan-Pitts was required to procure

payment and performance bonds as surety for the Project, and McMillan-Pitts obtained these bonds from Travelers.  Under their agreement, McMillan-Pitts and Travelers were jointly and severally liable for the covenants in the bonds.  The agreement further specified that the bonds were "governed by and shall be construed in accordance with Mississippi law.  Any inconsistency with these Bonds and any provision of Mississippi law shall be remedied by deleting the inconsistent portion of these Bonds and leaving the remaining consistent portions in full force and effect."

Tackett Electric Company LLC was a subcontractor to McMillan-Pitts on the Project, and Tackett subcontracted with JSI to install and test voice and data cabling as well as fiber optic cabling.  JSI completed its work on the Project on July 31, 2012, and invoiced Tackett for $36,346.09.  It is uncontested that JSI has not been paid this sum.

JSI is apparently not the only entity to which Tackett owes money.  In March 2012, a Tackett creditor unrelated to the Project served a writ of garnishment on McMillan-Pitts, seeking access to any funds McMillan-Pitts owed Tackett.  In response, McMillan-Pitts commenced an interpleader action in Mississippi chancery court, which named as defendants Tackett, the unrelated Tackett creditor, and two Tackett subcontractors (not JSI) on the Project with which McMillan-Pitts and Tackett had joint check agreements.  According to the complaint for interpleader, McMillian-Pitts believed these four defendants were "the only persons who may be interested in the subject proceeds or who may assert claims to the proceeds of McMillan-Pitts'[s] contract with Tackett."  In connection with the interpleader action, McMillan-Pitts tendered $19,445.16, the amount of money it still owed Tackett for its work on the Project, into the court's registry.  On August 30, 2012, McMillan-Pitts obtained a judgment releasing it from any further liability on its

No. 15-60251

subcontract with Tackett, on the two joint check agreements, and on the writ of garnishment.

On or about October 3, 2012—shortly after McMillan-Pitts obtained this judgment in the interpleader action—JSI notified both McMillan-Pitts and Travelers that it was seeking payment under the Project's payment bond due to Tackett's nonpayment of JSI's invoice. On October 25, 2012, McMillan-Pitts amended its complaint for interpleader to include JSI and "all persons or entities supplying materials and/or labor to Tackett" on the Project. That same day, McMillan-Pitts obtained an amended judgment extending the previous release of liability to "any claim made by any other claimant made a party to this action for sums due and owing from [Tackett] for materials, supplies and/or labor provided to [Tackett] on the [Project]."

On November 8, 2012, Travelers denied JSI's claim on the bond on the grounds that McMillan-Pitts had received a judgment releasing it of any obligations under its subcontract with Tackett.[1] JSI and Travelers exchanged further correspondence regarding JSI's bond claim, but were unable to resolve the issue. Accordingly, JSI sued Travelers in state court, seeking payment under the bond, punitive damages, and attorneys' fees. Travelers removed the case on the basis of diversity jurisdiction, and both parties moved for summary judgment. The district court granted summary judgment in favor of Travelers and denied JSI's subsequent motion for reconsideration. JSI timely appealed.

## II. Standard of Review

We review the district court's grant of summary judgment de novo and construe all facts and inferences in the light most favorable to the nonmoving

---

[1] Travelers initially also denied the claim on the grounds that JSI did not timely notify McMillian-Pitts of the claim within 90 days of completing the work, as required under Mississippi's Little Miller Act. *See* MISS. CODE. ANN. § 31-5-51(3). Travelers eventually dropped this defense during briefing on the cross-motions for summary judgment.

No. 15-60251

party.  *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

### III. Discussion

Because public property is not subject to private liens for nonpayment, Mississippi law requires contractors on public projects to procure bonds to ensure payment to those who work on the project.  MISS. CODE. ANN. § 31-5-51; *Key Constructors, Inc. v. H & M Gas Co.*, 537 So. 2d 1318, 1321 (Miss. 1989); *Aetna Cas. & Sur. Co. v. Doleac Elec. Co.*, 471 So. 2d 325, 327 (Miss. 1985).  Mississippi's so-called Little Miller Act is premised on the federal Miller Act, which requires both a payment and a performance bond on federal projects worth more than $100,000.  *Key Constructors*, 537 So. 2d at 1321; 40 U.S.C. § 3131(b).  Like the federal Miller Act, Mississippi's Little Miller Act protects both subcontractors and sub-subcontractors.  40 U.S.C. § 3133(b)(2); MISS. CODE. ANN. § 31-5-51(3).  Those protected under Mississippi's Little Miller Act "shall have a right of action upon the . . . payment bond upon giving written notice to [the] contractor within ninety (90) days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made . . . ."  MISS. CODE. ANN. § 31-5-51(3).  Furthermore, "the Mississippi Supreme Court has found federal court decisions interpreting the Federal Miller Act instructive and persuasive when interpreting Mississippi's Little Miller Act."  *Younge Mech., Inc. v. Max Foote Constr. Co.*, 869 So. 2d 1079, 1082 (Miss. Ct. App. 2004) (citing *Key Constructors*, 537 So. 2d at 1321).

Travelers maintains that it is no longer liable to JSI on the bond because "McMillan-Pitts'[s] liability to JSI was extinguished" by the chancery court judgment.  The exact source of McMillan-Pitts's liability to which Travelers is

4

referring is unclear. To the extent Travelers is arguing that its bond obligation to JSI was discharged because McMillian-Pitts is no longer liable on its contract with Tackett, we disagree. Under Mississippi's Little Miller Act, second-tier contractors—like JSI—can sue on a payment bond absent a direct contractual relationship with the contractor. MISS. CODE. ANN. § 31-5-51(3) ("Any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond . . . ."). Accordingly, that McMillan-Pitts has been released of liability to Tackett under the subcontract has no effect on JSI's ability to recover under the bond. *See Ill. Sur. Co. v. John Davis Co.*, 244 U.S. 376, 380 (1917) (noting under the federal Miller Act's predecessor statute that "he who has supplied [labor and materials] to a subcontractor may claim under the bond, even if the subcontractor has been fully paid"); *cf. Key Constructors*, 537 So. 2d at 1323–24 (noting that contractor was liable on the payment bond to a second-tier subcontractor even though the contractor had a valid defense against the first-tier subcontractor).

To the extent Travelers is arguing that its bond obligation was discharged under the chancery court judgment, we must construe the effect, if any, of that judgment[2] on the Travelers bond obligation. We conclude that it has no effect on the bond liability. Our interpretation of the chancery court judgment begins by examining the very nature of interpleader proceedings. McMillan-Pitts interpleaded the funds in the chancery court in accordance with Mississippi Rule of Civil Procedure 22. In an interpleader action, the court must determine what entities are entitled to the property at issue, known

---

[2] We do not address the troubling concept of amending a judgment to address a party added that day.

as the "stake." *See First Nat'l Bank of Vicksburg v. Middleton*, 480 So. 2d 1153, 1155–57 (Miss. 1985); *Md. Cas. Co. v. Sauter*, 344 F. Supp. 433, 436–37 (N.D. Miss. 1972). The discharge of liability the interpleader receives is defined by the scope of the funds interpleaded. *See* MISS. R. CIV. P. 22(b) ("Any party seeking interpleader . . . may deposit with the court the amount claimed, . . . and the court may thereupon order such party discharged from liability *as to such claims* and the action shall continue as between the claimants of such money or property." (emphasis added)); *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1011 (9th Cir. 2012) ("The stake marks the outer limits of the stakeholder's potential liability where the respective claimants' entitlement to the stake is the sole contested issue; however, where the stakeholder may be independently liable to one or more claimants, interpleader does not shield the stakeholder from tort liability, nor from liability in excess of the stake." (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 535 (1967))).[3]

According to the amended complaint for interpleader, the stake in the interpleader action was the "proceeds of [the] contract between McMillan-Pitts and Tackett"—$19,445.16.[4] Any funds relating to McMillan-Pitts's bond obligation (and that of Travelers) were clearly not included in the interpleader action. This obligation is separate and distinct from any obligation McMillan-Pitts and Travelers had on the Tackett subcontract.[5] Because Mississippi law

---

[3] Because Mississippi's rules are generally modeled after the Federal Rules of Civil Procedure, Mississippi courts often find federal authority persuasive when considering similar Mississippi rules. *BB Buggies, Inc. v. Leon*, 150 So. 3d 90, 96 (Miss. 2014); *Middleton*, 480 So. 2d at 1156.

[4] JSI's claim on the payment bond is for $36,346.09. Even if JSI were entitled to all of the money that McMillan-Pitts interpleaded, which is unlikely, it would still be due $16,900.93. Under Travelers's interpretation of the chancery court judgment, JSI would have no recourse to recover this remaining sum.

[5] That the chancery court judgment had no effect on Travelers's bond obligation is underscored by the fact that Travelers does not maintain that JSI's claim is precluded under res judicata or collateral estoppel. Res judicata would not apply because the bond was not

defines the release the interpleader receives by the scope of the stake, the interpleader action does not shield Travelers (a non-party) from liability that arises from its bond obligation.

The original judgment releasing McMillan-Pitts was limited to specific sources of liability: the Tackett subcontract, the joint check agreements, and the writ of garnishment. When the judgment was amended to extend the release to additional claimants,[6] there is no indication that the chancery court intended the extension to operate as a release of an entirely separate obligation owed by an unnamed party that was never at issue in the interpleader action, namely the statutorily mandated payment bond. This payment bond was not referenced in the amended judgment, nor did McMillan-Pitts mention the existence of the bond in its amended complaint. Construing the chancery court judgment in light of what sources of liability were before the court, we do not interpret the judgment as having any effect on obligations under the payment bond.

This construction of the judgment also comports with the policies underlying the Little Miller Act. To permit the chancery court to sub silentio nullify Travelers's bond obligation would be contrary to the very purpose of Mississippi's Little Miller Act, which is to provide protection to subcontractors in the absence of lien rights. *See Aetna Cas. & Sur.*, 471 So. 2d at 327; *see also*

---

the subject matter (or necessarily part of the same set of operative facts) of the interpleader action. *See Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749, 751 (Miss. 1982). Collateral estoppel is also not a bar to recovery because the parties did not litigate the bond obligation. *See id.*

[6] The exact effect of the chancery court's release of liability vis-à-vis JSI is unclear, given that McMillan-Pitts appears to have no contractual obligation to pay JSI in the event of Tackett's nonpayment. Any obligation on the part of McMillan-Pitts arose from the payment bond, which, from the pleadings, was not at issue in the chancery court case. Given our determination that the chancery court judgment does not release Travelers from the bond, we need not determine its effect on any other obligations.

*United States ex rel. Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.*, 750 F.2d 759, 761 (9th Cir. 1984) ("The purpose of the [Miller Act] is to protect persons supplying materials and labor for federal projects, and it is to be construed liberally in their favor to effectuate this purpose." (quoted by *Key Constructors*, 537 So. 2d at 1322)).

Travelers draws our attention to the indemnification agreement between it and McMillan-Pitts. Under this agreement, if JSI recovered on its bond claim against Travelers, Travelers would seek indemnification from McMillan-Pitts. According to Travelers, requiring McMillan-Pitts to indemnify Travelers would "circumvent the effect and purpose" of the chancery court judgment. Mississippi law does not require the contractor to indemnify its surety. Rather, Travelers and McMillan-Pitts entered into this agreement between themselves and likely priced their bond agreement in accordance with the existence of the indemnification clause. That McMillan-Pitts might have to indemnify Travelers is irrelevant and has no bearing on our decision regarding Travelers's bond obligation to JSI under Mississippi's Little Miller Act.

We thus conclude that Travelers remains liable to JSI on the payment bond, requiring reversal of the summary judgment granted to Travelers on this claim. We then turn to whether summary judgment should have been granted to JSI on its cross-motion. To prevail on its payment bond claim under Mississippi's Little Miller Act, JSI must provide "(1) written notice of the claim, (2) within ninety days from the date on which [JSI] last performed labor or furnished or supplied the materials, and (3) [state] the amount of the claim with substantial accuracy." *Younge Mech.*, 869 So. 2d at 1083. The evidence submitted at summary judgment established that JSI satisfied these requirements. Travelers has offered no basis, other than those rejected above, for its failure to pay. Accordingly, we conclude that JSI is entitled to recovery under the bond and summary judgment on liability for the invoiced amount

should have been granted in the amount of $36,346.09. JSI also requested attorneys' fees and other sums. We remand those matters to the district court for ruling in the first instance. JSI also sought bad faith damages from Travelers. The district court's summary judgment in favor of Travelers on this claim was based upon its erroneous determination that Travelers was not liable to JSI on the bond. Thus, we vacate the grant of summary judgment and remand for reconsideration in light of our opinion herein.

Accordingly, we (1) REVERSE the district court's grant of summary judgment in favor of Travelers on the bond claim; (2) RENDER judgment in favor of JSI on the issue of Travelers's liability under the bond in the amount of $36,346.09; (3) REMAND for the district court to consider the other fees and costs relevant to JSI's bond claim; and (4) VACATE the summary judgment on the bad faith claim and REMAND for reconsideration of JSI's bad faith claim in light of this opinion.