# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60233

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2017

Lyle W. Cayce
Clerk

JSI COMMUNICATIONS,

Plaintiff - Appellant

v.

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-104

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

This is the second appeal to arise out of a dispute between a second-tier subcontractor, Plaintiff JSI Communications, and a contractor's surety, Defendant Travelers Casualty & Surety Company of America. Previously, we reversed the district court's grant of summary judgment in favor of Travelers, finding that Travelers incorrectly denied JSI's claim on a payment bond. We remanded the action for the district court's consideration of JSI's bad faith and punitive damages claim. On remand, the district court granted summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60233

judgment in favor of Travelers, denying JSI's bad faith and punitive damages claim. JSI appeals. We affirm.

I.

In 2010, McMillan–Pitts Construction Company, LLC, ("McMillan–Pitts"), the prime contractor on a public project to construct the New Stone Office Building, Mississippi State University Delta Research and Extension Service located in Stoneville, Mississippi, (the "Project"), obtained a Payment Bond from Defendant Travelers Casualty & Surety Company of America, ("Travelers"), to ensure payment to those who worked on the Project. Accordingly, Travelers served as a surety for the Project, and McMillan–Pitts served as the principal.

During the Project, McMillan–Pitts subcontracted with Tackett Electric Company, LLC, ("Tackett"). In February 2011, Tackett entered into an oral subcontract with Plaintiff JSI Communications, ("JSI"), for JSI to install and test voice and data cabling as well as fiber optic cabling for the Project.

Meanwhile, in March 2012, a Tackett creditor, unrelated to the Project, served a writ of garnishment on McMillan–Pitts. As a result, McMillan–Pitts initiated an interpleader action in the Chancery Court of Leflore County, Mississippi, depositing the remaining contract funds, $19,445.16, owed to Tackett on the Project. McMillan–Pitts named the following entities as defendants: Tackett, the unrelated Tackett creditor, and two Tackett subcontractors (not JSI) on the Project that had entered joint check agreements with McMillan–Pitts and Tackett. On August 30, 2012, the Chancery Court entered a judgment releasing McMillan–Pitts from liability on its subcontract with Tackett, the writ of garnishment, and the two joint check agreements.

No. 17-60233

In September 2012, after completing its work on the Project, JSI submitted an invoice to Tackett in the amount of $36,346.09, which Tackett refused to pay. Shortly thereafter, JSI notified Travelers that it was seeking payment under the Bond. Travelers responded to JSI, requesting a claim form to "facilitate [Travelers's] independent investigation." Travelers additionally notified McMillan–Pitts that JSI presented a claim on the Payment Bond and requested "[d]etailed input" for its "independent investigation and understanding of the claim." In October 2012, JSI submitted its claim form to Travelers.

On October 25, 2012, McMillan–Pitts moved to amend its complaint for interpleader to include JSI and all "persons or entities supplying materials and/or labor to [Tackett] on the [Project]." That same day, the Chancery Court granted McMillan–Pitts's motion to amend, extending the previous release of liability to "any claim made by any other claimant made a party to th[e] action for sums due and owing from [Tackett] for materials, supplies and/or labor provided to [Tackett] on the [Project]."

Also on that same day, Travelers, again, wrote to JSI and McMillan–Pitts. In its letter to JSI, Travelers acknowledged receipt of JSI's claim form and explained that it would "communicate the initial results of [its] independent investigation" upon receiving McMillan–Pitts's response. In its letter to McMillan–Pitts, Travelers reiterated its request for McMillan–Pitts's "input and active involvement" with Travelers's "independent investigation" and requested, again, a "detailed written response" to JSI's claim. McMillan–Pitts responded, contending, among other things, that JSI's claim is not valid because the Chancery Court released "McMillan–Pitts and the bonding company" from "any claim associated with Tackett."

3

No. 17-60233

On November 8, 2012, Travelers, having "reviewed documents and information provided by both [JSI] and McMillan–Pitts," denied JSI's claim on the Payment Bond.[1] Travelers explained that "McMillan–Pitts's interpleading of Tackett's subcontract funds acts as an absolute release of both McMillan–Pitts and Travelers as to any obligation related to Tackett's subcontract funds and JSI's claim."[2]

## II.

On January 30, 2013, JSI filed suit against Travelers in the Circuit Court of Hinds County, Mississippi, First Judicial District. JSI alleged that Travelers breached the terms of the Payment Bond and acted in bad faith when it denied JSI's claim. JSI sought to recover the amount owed, $36,346.09, along with punitive damages in an amount not less than $100,000, plus pre- and post-judgment interest, late payment interest and all attorneys' fees, costs, and expenses. Travelers removed JSI's Complaint to the Southern District of Mississippi.

Both parties moved for summary judgment. On March 13, 2014, the district court granted summary judgment in favor of Travelers, finding that under Mississippi law Travelers's liability as a surety could not exceed that of its principal, McMillan–Pitts, which had been discharged from liability by the Chancery Court. JSI appealed.

---

[1] Travelers, in support of its motion for summary judgment, submitted an affidavit from its Senior Claim Counsel who stated that Travelers "independently investigated JSI's claim, which included reviewing and analyzing the documents provided by JSI as well as speaking on multiple occasions with McMillan–Pitts on the merits of JSI's claim."

[2] Travelers also denied JSI's claim on the grounds that JSI did not timely notify McMillan–Pitts within 90 days of completing its work, as required under Mississippi's Little Miller Act. *See* MISS. CODE ANN. § 31–5–51(3). Travelers dropped this defense during summary judgment after JSI provided Travelers with new information that its claim was indeed timely.

4

No. 17-60233

On December 4, 2015, we reversed the court's summary judgment ruling.[3] First we explained that Mississippi's Little Miller Act provides that sub-subcontractors, like JSI, "'shall have a right of action upon the . . . payment bond upon giving written notice to [the] contractor within ninety (90) days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made.'"[4] Accordingly, we ruled that the Chancery Court's release of McMillan–Pitts had "no effect on JSI's ability to recover under the Bond."[5]

We next examined the nature of interpleader proceedings to determine whether the Chancery Court judgment discharged Travelers's bond obligations.[6] We observed that Rule 22(b) of the Mississippi Rules of Civil Procedure provides that "the discharge of liability the interpleader receives is defined by the scope of the funds interpleaded;" applied here, the proceeds of the contract between McMillan–Pitts and Tackett.[7] Therefore, we concluded, "[a]ny funds relating to McMillan–Pitts's bond obligation (and that of Travelers) were clearly not included in the interpleader action."[8] As a result, we reversed the court's grant of summary judgment in favor of Travelers; rendered judgment in favor of JSI in the amount of $36,346.09; and remanded the action for the district court's consideration of "other fees and costs" and "JSI's bad faith claim."[9]

---

[3] *JSI Comms. v. Travelers Cas. & Sur. Co. of Am. ("JSI I")*, 807 F.3d 725, 727–30 (5th Cir. 2015).

[4] *Id.* at 727 (quoting MISS. CODE ANN. § 31–5–51(3)).

[5] *Id.* at 728.

[6] *Id.*

[7] *Id.* at 728–29.

[8] *Id.* at 729.

[9] *Id.* at 730.

No. 17-60233

On remand, the parties filed cross-motions for summary judgment on JSI's bad faith and punitive damages claim. On March 16, 2017, the court granted summary judgment in favor of Travelers. JSI appeals.

## III.

We review a district court's grant of summary judgment *de novo*, applying the same standard as the trial court.[10] Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.[11] On summary judgment, a court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor.[12] To survive summary judgment, the non-movant must supply evidence "such that a reasonable jury could return a verdict for the nonmoving party."[13]

## IV.

JSI first argues that Travelers did not have an arguable basis to deny its claim on the Payment Bond. "Mississippi law does not favor punitive damages."[14] They should be imposed with "caution and within narrow limits as an example and warning."[15] A "plaintiff has a heavy burden when seeking punitive damages based on a bad faith insurance claim."[16] "The issue of punitive damages should not be submitted to the jury unless the trial court determines that there are jury issues with regard to whether: (1) The insurer lacked an arguable or legitimate basis for denying the claim, *and* (2) The

---

[10] *Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 223 (5th Cir. 1991).

[11] FED. R. CIV. P. 56(a).

[12] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[14] *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss. 1988).

[15] *Jenkins v. Ohio Cas. Ins. Co.*, 794 So.2d 228, 232 (Miss. 2001).

[16] *Id.* (internal quotation marks omitted); *see also Bristow*, 529 So.2d at 622 ("The wrong complained of must not be an ordinary tort such as could be the produce of forgetfulness, oversight or the like, but must be more in the nature of heightened tort evincing gross, callous or wanton conduct, or . . . accompanied by fraud or deceit.") (internal quotation marks omitted).

insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights."[17]

"If an insurance company fails to pay a claim based upon an arguable or legitimate reason . . . punitive damages will not lie."[18] In determining whether an insurer possessed an arguable or legitimate reason, the initial burden is placed on the insurer: it "'need only show that it had reasonable justifications, either in fact or in law,' for its actions."[19] "Once an insurance company articulates an arguable or legitimate reason . . . the insured bears the burden of demonstrating that the insurer had no arguable reason."[20]

The district court determined that Travelers demonstrated an arguable reason for denying JSI's claim and that JSI failed to meet its burden to show otherwise. The court explained that Travelers relied on Mississippi's long-standing doctrine that a surety's liability is measured by that of its principal to conclude that the Chancery Court's release of McMillan–Pitts from liability included Travelers's liability.[21] Although we rejected that argument in *JSI I*, the court determined that Travelers satisfied its low burden of showing a reasonable justification for its actions because, at the time Travelers denied

---

[17] *State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So.2d 637, 641 (Miss. 1998).

[18] *Jenkins*, 794 So.2d at 233; *see also, e.g.*, *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 874 (5th Cir. 1991) (finding insurer had an arguable reason for denying coverage when Mississippi courts had not addressed the coverage-related issue directly and the issue was otherwise debatable at the time coverage was denied); *Grimes*, 722 So.2d at 641 (explaining that punitive damages cannot be imposed "in cases in which a carrier is determined to have merely reached an incorrect decision").

[19] *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 70 (5th Cir. 2014) (quoting *U.S. Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992)).

[20] *Id.* ("Whether a claimant has proven an insurer acted without a reasonable or arguable basis is determined by a preponderance of the evidence."); *see also Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092, 1097, n.1 (Miss. 1996) ("The plaintiff's burden in this respect likewise exists at the summary judgment stage where the insurance company presents an adequate prima facie showing of a reasonably arguable basis for denial so as to preclude punitive damages.").

[21] *See, e.g.*, *Newton City v. State ex rel. Dukes*, 133 So.3d 805, 807 (Miss. 2014) ("[N]o liability may be imputed to [a] surety beyond that of its principal.") (internal quotation marks omitted); *State ex rel. Brazeale v. Lewis*, 498 So.2d 321, 324 (Miss. 1986) (same), *overruled on other grounds Little v. Miss. Dep't of Transp.*, 129 So.3d 132 (Miss. 2013); *Irving v. Bankers' Mortg. Co.*, 151 So. 740, 743 (Miss. 1934) (same).

JSI's claim, Mississippi neither barred application of the general rule that a surety's liability is co-extensive with that of its principal to claims asserted under its Little Miller Act nor discussed effects of a judicial discharge of a principal's liability on its surety under the Little Miller Act.

The court, shifting the burden to JSI, rejected the argument that Travelers should, and would, have reached a different decision if it had considered the cases cited in *JSI I*, explaining that *JSI I* did not exist when Travelers denied JSI's claim. Furthermore, the court noted, a finding that Travelers incorrectly denied JSI's claim does not "warrant a finding of bad faith or potential liability for punitive damages."[22]

On appeal, JSI argues that *JSI I* "demonstrates the paucity of the district court's rationale," quoting the following:

> To the extent Travelers is arguing that its bond obligation was discharged under the chancery court judgment, we must construe the effect, if any, of that judgment on the Travelers bond obligation. We conclude that it has no effect on the bond liability.[23]

JSI continues, contending that we "admonished" Travelers in observing the following:

> JSI's claim on the payment bond is for $36,346.09. Even if JSI were entitled to all of the money that McMillan–Pitts interpleaded, which is unlikely, it would still be due $16,900.93. Under Travelers's interpretation of the chancery court judgment, JSI would have no recourse to recover this remaining sum.[24]

According to JSI, the above "finding" "demonstrate[s] beyond cavil that Travelers's payment bond obligation was not discharged in its entirety and payment of the undisputed amount should have been made by Travelers, with or without demand by JSI." Additionally, JSI claims that our Court "found no

---

[22] *See Grimes*, 722 So.2d at 641.

[23] *JSI I*, 807 F.3d at 728.

[24] *Id.* at 728, n.4.

8

difficulty in deciphering the surreptitious conduct of Travelers and its principal and rending it untenable," quoting the following:

> According to the amended complaint for interpleader, the stake in the interpleader action was the proceeds of [the] contract between McMillan–Pitts and Tackett—$19,445.16. Any funds relating to McMillan–Pitts's bond obligation (and that of Travelers) were clearly not included in the interpleader action. This obligation is separate and distinct from any obligation McMillan–Pitts and Travelers had on the Tackett subcontract. Because Mississippi law defines the release the interpleader receives by the scope of the stake, the interpleader action does not shield Travelers (a non-party) from liability that arises from its bond obligation.[25]

Relying on the above language, JSI argues that Rule 22(b) of the Mississippi Rules of Civil Procedure, which limits the Chancery Court's release of liability to McMillan–Pitts, "provided the roadmap for Travelers to understand that following its principal's plan lacked any legitimate or arguable justification."

In addition, JSI concedes that there is no judicial decision on point but contends that *Key Construction*[26] and *Chain Electric*[27] serve as examples that a surety's liability is not absolutely co-extensive with its principal.[28]

In response, Travelers contends that an "[a]rguable basis exists in matters of good faith legal dispute involving unsettled law—even if the insurer is ultimately found to have been in error in its assessment of the law." Travelers explains that its denial of JSI's claim "rested upon numerous cases on the long standing proposition that a surety's liability is co-extensive with that of its principal." Travelers additionally asserts that the cases that JSI

---

[25] *JSI I*, 807 F.3d at 728–29 (internal quotation marks and footnotes omitted).

[26] *Key Constructors, Inc. v. H & M Gas Co.*, 537 So.2d 1318 (Miss. 1989).

[27] *Chain Elec. Co. v. Nat'l Fire Ins. Co. of Hartford*, No. 2:03-cv-368, 2006 WL 2973044, at *1 (S.D. Miss. Oct. 16, 2006).

[28] JSI additionally avers that the cases that the district court relies on—*Newton*, *Lewis*, and *Irving*—for the proposition that liability cannot be imputed to a surety beyond that of its principal are "readily distinguishable" because those cases involve bonds different than Travelers's Payment Bond. That those cases involve a different bond is of no consequence.

relies on—*Key Construction* and *Chain Electric*—are inapposite because neither "involve[] a judicial holding that the surety's principal had been discharged of all liability to the claimant."

We conclude that Travelers had an arguable reason to deny JSI's claim. In *Dunn*, we denied an insured's punitive damages claim when Mississippi courts had not addressed directly the insurer's reason for denying coverage.[29] At the time that Travelers denied JSI's claim, Mississippi courts had not addressed directly the effects of an interpleader action that released a principal from all liability on its surety's liability. Travelers therefore met its low burden of showing a reasonable justification for its action.

JSI, now with the burden to demonstrate that Travelers's reasons are not legitimate, fails to persuade. JSI overstates our analysis in *JSI I*. That is, we did not "admonish" Travelers or find that Travelers acted surreptitiously in denying JSI's claim; rather, we noted the flaws in Travelers's reasoning, which was based on an incorrect understanding of Mississippi's Little Miller Act and the nature of interpleader proceedings.[30] In short, Travelers reached an incorrect decision in denying JSI's claim. And, punitive damages are not to be imposed when an insurer is "determined to have merely reached an incorrect decision in denying a given claim."[31]

The cases that JSI cites do not disturb our conclusion. In *Key Constructors*, the Supreme Court of Mississippi applied Mississippi's Little Miller Act to award summary judgment in favor of a materialman that brought suit against a contractor and its surety.[32] That case did not involve a principal released of liability and assumed without discussion that a surety's liability

---

[29] *Dunn*, 927 F.2d at 874.
[30] *JSI I*, 807 F.3d at 727–29.
[31] *Grimes*, 722 So.2d at 641.
[32] 537 So.2d at 1321–22, 1325.

was co-extensive with its principal.[33] In *Chain Electric*, a district court, in permitting a subcontractor to pursue an action for attorneys' fees against a surety, explained that "[a] surety's liability is always measured by the express terms of his covenant, which is contained in the obligations of his principal as defined in the main contract and any applicable statute, and in the conditions of the bond."[34] While *Chain Electric* dilutes the maxim that a surety's liability is co-extensive with that of its principal, it does not involve the issues presented before us—the effects of a judicial proceeding that releases a principal from liability on the surety's liability. The district court therefore did not err in granting Travelers's motion for summary judgment.[35]

## V.

JSI additionally argues that Travelers acted in bad faith by failing to conduct a separate, independent investigation of its claim.[36] Regarding an insurer's duty to investigate, Mississippi law provides that "a plaintiff's burden in proving a claim for bad faith refusal goes beyond merely demonstrating that the investigation was negligent."[37] "[T]he level of negligence in conducting the

---

[33] *Id.* at 1324–25.

[34] 2006 WL 2973044, at *5.

[35] JSI additionally argues that the court erred in deciding JSI's bad faith and punitive damages claim on summary judgment, rather than holding an evidentiary hearing. Under Mississippi law, once an "award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact." MISS. CODE ANN. § 11–1–65(1)(c). The Mississippi Supreme Court, however, has resolved a punitive damages claim on summary judgment without an evidentiary hearing. *See Miller v. R.B. Wall Oil Co.*, 970 So.2d 127, 133 (Miss. 2007); *see also Tarver v. Colonial Life & Acc. Ins. Co.*, 294 F. App'x 873, 877, n.1 (5th Cir. 2008) (affirming summary judgment that denied punitive damages). The district court therefore did not err in resolving JSI's bad faith and punitive damages claim on summary judgment.

[36] JSI asserts this argument in the section of its brief entitled: "The district court erred in finding there was insufficient evidence in the record to establish a genuine issue of material fact as to whether Travelers's conduct was with gross and reckless disregard for JSI's payment bond rights." The district court, however, did not address whether Travelers's conduct was with gross and reckless disregard for JSI's rights.

[37] *Murphree v. Federal Ins. Co.*, 707 So.2d 523, 531 (Miss. 1997).

11

investigation must be such that a proper investigation by the insurer 'would easily adduce evidence showing its defenses to be without merit.'"[38]

The district court determined that JSI failed to show that Travelers did not independently investigate JSI's claim and that any different investigation would have "easily adduce[d]" evidence showing that Travelers's defenses lacked merit. To that latter finding, the court explained that Travelers could not have "easily adduced" that its defense—that liability cannot be imputed to a surety beyond that of its principal—lacked merit with a more thorough investigation because no Mississippi court had decided directly the "effects, if any, of the discharge of a principal's liability with respect to the obligations of a surety under the Little Miller Act."

JSI argues that Travelers failed to conduct an independent investigation and has not, and cannot, produce evidence of an independent investigation, other than Travelers's correspondence with JSI. Travelers disagrees, contending that it investigated JSI's claim and evaluated information continuously. Travelers additionally argues that it based denial of JSI's claim on a "broad base of well-established jurisprudence," and "JSI has made no showing that any additional or different investigation on Travelers's part should have altered Travelers's . . . position."

JSI's argument that Travelers did not conduct an investigation is difficult to square with the record. Travelers requested information from both JSI and McMillan–Pitts to assist with its "independent investigation" regarding JSI's claim. And, in denying JSI's claim, Travelers explained that it "reviewed documents and information provided by both [JSI] and McMillan–Pitts." Additionally, Travelers, in support of its motion for summary judgment, submitted an affidavit from its Senior Claim Counsel, explaining that

---

[38] *Id.* (quoting *Merchants Nat'l Bank v. Se. Fire Ins. Co.*, 751 F.2d 771, 777 (5th Cir. 1985)).

No. 17-60233

Travelers "independently investigated JSI's claim, which included reviewing and analyzing the documents provided by JSI as well as speaking on multiple occasions with McMillan–Pitts."

To be sure, JSI is correct in stating that the record does not contain "any notes from interviews or correspondence from Travelers to its principal requesting supporting legal authority" or "any internal legal research memoranda or cases regarding the effect, if any, of the interpleader action upon Travelers's liability under its payment bond." A plaintiff's burden for proving a claim for bad faith, however, goes beyond demonstrating negligence; rather, JSI must establish that a proper investigation would "easily adduce" evidence showing that Travelers's defense lacked merit.[39] JSI cannot meet that burden. The district court therefore did not err.[40]

## VI.

The district court's grant of Travelers's motion for summary judgment and denial of JSI's motion for summary judgment is affirmed.

---

[39] *Murphree*, 707 So.2d at 531.

[40] JSI proffers several arguments to show that Travelers committed a willful or malicious wrong or acted with gross and reckless disregard for its rights. We need not address those arguments. *Jenkins*, 794 So.2d at 233 ("If an insurance company fails to pay a claim based upon an arguable or legitimate reason . . . punitive damages will not lie.").